IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID CLEARY,
   Plaintiff,

v.

ATRIA MANAGEMENT COMPANY,
LLC d/b/a ATRIA SENIOR LIVING;
JOHN A. MOORE, CEO; DANNY
McCOY, COO; MAUREEN HUTCHEON;
and JOHN DOE,
   Defendants.

CIVIL ACTION

NO. 15-2779

## MEMORANDUM OPINION

In his Complaint, the Plaintiff David Cleary, *pro se*, brings claims of negligence, conversion, fraud, and unjust enrichment against the Defendants' Atria Management Company, LLC *et al.* ("Atria"), alleging that one of their employees obtained employment fraudulently through theft of the Plaintiff's Social Security number. Before the Court is the Defendants' Motion to Dismiss for Failure to State a Claim or, in the Alternative, for Summary Judgment. Although this motion has been pending for 78 days, the Plaintiff has not responded, despite several extensions and warnings from the Court. For the reasons that follow, the Defendants' motion shall be granted and the Plaintiff's Complaint shall be dismissed with prejudice.

I.    **BACKGROUND**

On April 22, 2015, the Plaintiff filed a *pro se* complaint in the Pennsylvania Court of Common Pleas for Philadelphia County. In it, he brought common law claims of negligence, conversion, fraud, and unjust enrichment. He alleges that an individual, John Doe, worked as an employee at Atria from October 1, 2014, through the present and obtained employment with

Atria through the fraudulent use of his Social Security number. He further alleged that Atria did not use due diligence in obtaining proper identification as required under law. On May 18, 2015, Defendant Atrial Management Company, LLC removed the case to this Court, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, alleging that the Court had jurisdiction because, *inter alia*, the Plaintiff's claims call for the interpretation of Atria's alleged duties under various federal statutes.

The Defendants filed a Motion to Dismiss for Failure to State a Claim or, in the Alternative, for Summary Judgment on May 26, 2015. The Plaintiff's response to the motion was due on June 26, 2015. On July 8, 2015, the Court's civil deputy sent the Plaintiff a letter notifying him that the Court had not received his response and instructing him to respond to the Defendants' motion by July 29, 2015, or his case may be dismissed with prejudice for failure to prosecute. The Plaintiff did not file his response by that date. On July 30, 2015, the Court issued an Order: (1) directing the Plaintiff to respond to the Defendants' motion no later than August 10, 2015; (2) requiring him, in the event he did not file his response by that date, to appear before the Court to explain why his Complaint should not be dismissed for failure to prosecute; and (3) warning him that failure to comply will subject his Complaint to immediate dismissal under Federal Rule of Civil Procedure 41(b).

The Plaintiff did not file his response by August 10, 2015, as he was instructed, and he did not appear before the Court on August 11, 2015, as he was required.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action—either *sua sponte* or on motion—if a plaintiff fails to prosecute his case or otherwise comply with a court order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The decision to dismiss for lack of prosecution lies within the discretion of the district court. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). In *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir.

1984), the Third Circuit directed district courts to balance six factors in determining whether a dismissal with prejudice is an appropriate sanction for dilatory conduct: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and to respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id.* at 868. Not every factor must weigh in favor of dismissal so long as most do. *See, e.g., Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988).

The first factor weighs in favor of dismissal. The Plaintiff initially filed this action in the Pennsylvania Court of Common Pleas and at all times has appeared *pro se*. Thus, no one can be held responsible for failing to respond but the Plaintiff. *See Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) ("[I]t is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney.").

The second factor weighs against dismissal. The Third Circuit has noted that prejudice includes "the irretrievable loss of evidence, the inevitable diming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Adams v. Trustees of N.J. Brewery Emps' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994). At this point, the Defendants' motion to dismiss is still pending, and as far as the Court is aware, no further action has been taken by the Defendants and no further costs incurred. *See Deen-Mitchell v. Lappin*, 514 F. App'x 81, 87 (3d Cir. 2013) ("[W]e cannot determine how the proposed defendants have been prejudiced because the case did not have the opportunity to proceed to discovery and because [the plaintiff]'s complaint gives adequate notice of his claims.").

3

The third factor weighs in favor of dismissal. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Id.* The Plaintiff has made no contact with the Court since he sent a letter dated June 9, 2015, responding to the Court's motion to remand for defective removal. The Defendants' motion to dismiss has been pending for over two-and-a-half months and—despite an intervening notification from the Court informing the Plaintiff of its pendency and his duty to respond, as well as providing him an additional three weeks to respond—the Plaintiff has yet to respond or otherwise contact the Court to explain his dilatoriness. The Court warned the Plaintiff that his failure to timely respond to the Defendants' motion to dismiss would subject his complaint to immediate dismissal. The Plaintiff still did not respond. The Court then gave the Plaintiff an additional ten days to file his response or risk having his case dismissed. Despite this warning, the Plaintiff did not comply. The Court then ordered the Plaintiff to appear before Court to explain his dilatoriness or the Court would dismiss his case. The Plaintiff did not do so.

The fourth factor weighs in favor of dismissal. "Willfulness and bad faith go beyond mere negligence and involve intentional or self-serving behavior." *Beaver Res. Corp. v. Brawand*, — F. App'x —, 2015 WL 4480960, at *3 (3d Cir. July 23, 2015). The Plaintiff ignored a communication from Chambers, two direct Court orders, and several extension periods. His decision to ignore these demands, "even after express warnings about the consequences, can only be regarded as willful." *Id.*

The fifth factor also weighs in favor of dismissal. *Poulis* requires contemplating the efficacy of alternative sanctions because of the harshness of dismissal with prejudice. *See* 747 F.2d at 869 ("Dismissal must be a sanction of last, not first, resort."). Reviewing the record attached to the Notice of Removal, the Court notes that the Plaintiff filed a petition to proceed *in*

*forma pauperis* in the Court of Common Pleas. Given this, in combination with the Plaintiff's *pro se* status, the Court believes that monetary sanctions are an inappropriate sanction to alert the Plaintiff that his conduct will not be tolerated by this Court. *See Emerson*, 296 F.3d at 191. In *Titus v. Mercedes Benz of North America*, 695 F.2d 746 (3d Cir. 1982), the Third Circuit suggested that district courts explore other sanctions before resorting to dismissal, including, *inter alia*, warning, formal reprimand, placing the case at the bottom of the calendar, a fine, or imposition of costs or attorneys' fees. Here, the Court provided two warnings to the Plaintiff—one in the letter from its Civil Deputy and one in its July 30 Order. Neither warning was heeded. Thus, dismissal is a proper sanction.

And finally, the sixth factor weighs in favor of dismissal. The standard for meritoriousness is whether the allegations of the pleadings, when considered at trial, "would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 870. Based on a review of the Complaint and the Defendants' motion to dismiss, the chances of the Plaintiff's success are questionable at best. The Plaintiff has brought claims for negligence, negligence per se, conversion, fraud, an unjust enrichment against the Defendants for the alleged theft of his Social Security number. Since filing the Complaint, the Plaintiff has conducted no discovery in support thereof. Defendants, on the other hand, have filed a substantive motion to dismiss or, in the alternative, for summary judgment which points to Plaintiff's evident failure to obtain or produce evidence sufficient to meet his summary judgment burden on any of his claims. Specifically, the Defendants in their motion contend—supported by an affidavit by Atria Management Company, LLC's Employment and Labor Counsel—that the Plaintiff's Social Security number was not stolen but was, in fact, merely entered incorrectly into their payroll system via a typographical error. Once the Defendants were notified by the Plaintiff that the Philadelphia County Assistance Office indicated to him that a background check incident to his application for public assistance revealed

that he had worked for the Defendants at some point between October 2014 and that date, they worked immediately and diligently to correct their error by filing a W-2c Corrected Wage and Tax statement with the IRS for tax years 2013 and 2014 for the former employee and sending a letter to the Philadelphia CAO indicating that, due to the typographical error in the payroll system, the social security number of a former employee matched the Plaintiff's social security number. *See generally* Defs.' Mot. to Dismiss. Although discovery has not been undertaken in this case and thus a full record is not before the Court, the existence of the Defendants' prima facie defenses to these claims must be weighed, *see Adams*, 29 F.3d at 876-77, and considering those, the Court's doubts as to the meritoriousness of the Plaintiff's claims weigh slightly in favor of dismissal.

The foregoing factors are to be "weighed by the district courts in order to assure that the 'extreme end' sanction of dismissal or default is reserved for the instances in which it is justly merited." *Poulis*, 747 F.2d at 870. Although no specific "magic number" of factors is required, five of the six factors weigh decidedly in favor of dismissal, and dismissal is thus justly merited. *See Curtis T. Bedwell & Sons*, 843 F.2d at 696. Accordingly, the Court shall grant the Defendants' motion and dismiss the Plaintiff's Complaint for failure to prosecute under Federal Rule of Civil Procedure 41(b).

An appropriate Order follows.

Dated: **August 13, 2015**

BY THE COURT:

_____
**WENDY BEETLESTONE, J.**